IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VINCENT FANIOLA, on behalf of himself and all others similarly situated | § § § | |
| V. | § § | A-14-CV-489-LY |
| PROTEUS SERVICES, LLC, WANDA KIELTY and DONALD KIELTY | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Dismiss for Insufficient Process and Lack of Personal Jurisdiction (Dkt. No. 5); Plaintiff's Response (Dkt. No. 7); Defendants' Reply (Dkt. No. 10); Defendants' Motion to Dismiss for Improper Venue, or, Alternatively, to Transfer Venue of this Action to the Southern District of Texas, Houston Division (Dkt. No. 6); Plaintiff's Response (Dkt. No. 8); and Defendants' Replies (Dkt. Nos. 10, 11).  The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having reviewed the parties' filings, the entire case file, and the applicable law, the Court enters the following Report and Recommendation.

**I.  GENERAL BACKGROUND**

Plaintiff Vincent Faniola ("Faniola") was employed as an installer by Proteus Services, Inc., ("Proteus"). Proteus is owned by Defendants Wanda and Donald Kielty ("the Kieltys"). The Kieltys reside in Houston, Texas, and Proteus' principal place of business is in Houston.  Faniola was

employed by Proteus from February 2011 through March of 2013, and again from August 2013 through January 2014. Faniola alleges that he regularly worked in excess of forty hours per week and was not paid time-and-a-half as required by federal law. He alleges that he was wrongfully classified as an exempt salaried employee and that Proteus currently employs or employed more than one hundred other similarly situated current and former employees who it also improperly classified. Faniola sues Proteus and the Kieltys for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleging a collective action on behalf of similarly situated Proteus installers.

Faniola originally filed suit in the 98th Judicial District Court of Travis County, Texas on April 28, 2014, alleging that venue in Travis County is proper because a substantial part of the events or omissions that gave rise to his cause of action occurred here. TEX. CIV. P. REM. CODE § 15.002. Defendants removed the case to this Court on May 27, 2014, alleging federal question jurisdiction. Defendants now move to dismiss for lack of personal jurisdiction based on insufficient process, and for improper venue, or in the alternative ask the Court to transfer the case to the Southern District of Texas.

### III. ANALYSIS

**A.      Service of Process**

The facts regarding service to process are not disputed. On April 29, 2014, citations were issued for all three Defendants, and were served on May 1, 2014. The return form attached to each citation was left blank, and an Affidavit of Service for each citation was executed and filed with the court instead. Defendants assert that Plaintiff's pre-removal service of process is defective, as the Affidavits of Service did not strictly comply with the dictates of Texas Rules of Civil Procedure 106 and 107 and therefore process was insufficient or as Defendants describe it "fatally defective."

Because service of process was insufficient under Texas law, Defendants argue, this Court does not have personal jurisdiction over them and the Court should dismiss this case. Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4). Generally speaking, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1353. To obtain dismissal under Rule 12(b)(4), the moving party must make some showing of prejudice. *See Albo v. Suzuki Motor Corp.*, 2008 WL 2783505 (W.D. Tex. July 2, 2008).

Defendants point out various ways in which the Plaintiff's Affidavits of Service failed to comply with the dictates of Rule 107, which delineates what is required of a Return of Service. Defendants complain that the Affidavits of Service: (1) fail to state that a copy of the citation and petition were delivered to each Defendant and merely state that a copy of the citation was delivered; (2) fail to state that the matters recited in the Affidavits were within the affiant's personal knowledge; (3) fail to state the method of service; and (4) fail to recite who delivered the citations. *See* TEX. R. CIV. P. 107.

Defendants are correct and that the Affidavits do not specifically state the above information. However, the cases relied upon by Defendants, requiring strict compliance with the rules relating to service of process, all arose in the context of appeals of default judgments. *See, e.g., Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (noting that strict compliance is necessary to withstand a direct attack on a default judgment).[1] "For well over a century, [the

---

[1] *Rivers v. Viskozki*, 967 S.W.2d 868, 871 (Tex. App. – Eastland 1998, no pet.) (defendant did not waive complaints as to improper service by filing answer and motion for new trial after default judgment rendered); *Union Pac. Corp. v. Legg*, 49 S.W.3d 72, 77 (Tex. App. – Austin 2001, no pet.) ("[i]n order for a default judgment to withstand direct attack, strict compliance with the rules of civil procedure relating to the manner and mode of service of citation must appear on the face of the

supreme] court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for *a default judgment to withstand direct attack.*" *Insurance Co. of State of Pa. v. Legune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (emphasis added). This case is not an appeal of a default judgment in state court; instead, all Defendants have acknowledged that they received Plaintiff's Original Petition and they removed the case to federal court. The cases relied upon by Defendants are inapplicable in the circumstances now before the Court.

Additionally, outside the context of a default judgment, under Texas law a return of service is to be given a fair, reasonable, and natural construction to give effect to its plain intent and meaning. *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 673 (Tex. App.– Houston [14th Dist.] 2002, no pet.) "The purpose of citation is to give the court proper jurisdiction over the parties and to provide notice to the defendant that he has been sued, and by whom and for what, so that due process will be served and he will have an opportunity to appear and defend the action." *Aavid Thermal Techs. of Tex. v. Irving Indep. Sch. Dist.*, 68 S.W.3d 707, 710 (Tex. App. – Dallas 2001, no pet.); *Conseco,* 78 S.W.3d at 676 (explaining that the "requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend its interests"). As long as the record as a whole, including the petition, citation, and return, shows that the citation was served on the defendant in the suit, service of process will not be invalidated. *Williams v. Williams*, 150 S.W.3d 436, 449 (Tex. App. – Austin 2004, pet. denied). Federal courts take a similar view of service requirements. *See* 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1083 (3d. ed. Supp. 2014) ("The general attitude of the

---

record."); *In re Z.J.W.*, 185 S.W.3d 905, 906 (Tex. App. – Tyler 2006, no pet.) (examining the propriety of service of process in default judgment against a father in a paternity proceeding).

federal courts is that the provisions of Federal Rule 4 should be liberally construed in the interest of doing substantial justice. . . . [This is consistent] with the modern conception of service of process as primarily a notice-giving device.").

Here, a fair interpretation of the return shows that all three Defendants were served by personal service. The return includes the required case information and states that a copy of the Plaintiff's Original Petition was attached. The name of the server, the date, and an indication that the documents were hand-delivered all appear on the record. That service was adequate to give Defendants the required notice of the cause of action brought against them and adequate to establish personal jurisdiction over them. Moreover, Defendants have failed to show any prejudice from the technical defects. *See Albo v. Suzuki Motor Corp.*, 2008 WL 2783508 (W.D. Tex. July 2, 2008). In fact, Defendants timely removed the case and moved to dismiss. Accordingly, the Court will recommend that the District Judge deny the motion to dismiss for insufficient process.

**B.    Venue**

Defendants also move to dismiss for improper venue pursuant to FED. R. CIV. P. 12(b)(3), or alternatively, to transfer venue to the Houston Division of the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a). When a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper. *Gray Cas. And Sur. Co. v. Lebas*, 2013 WL 74351 (E.D. La. Jan. 7, 2013). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007). The general federal venue rule, set out in 28 U.S.C. § 1391(b)(2), provides:

> A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants allege that the Kieltys reside in Harris County, and that Proteus maintains its principal place of business there. Additionally, they maintain that all the complained-of conduct originated and took place in Harris County, as any decision with respect to Faniola's employment or compensation originated from Harris County, where all corporate policies are created and implemented. Thus, Defendants argue, they may only be sued on these claims in the Southern District of Texas (where they all "reside," and where all of the events giving rise to the suit occurred). Faniola responds that he performed 15 percent of his work for Proteus in Travis County and that Proteus' website advertises that it performs services throughout Texas. He further contends that Proteus resides in the Western District, as that term is defined in the federal venue statute.

For venue purposes, "residency" is defined for natural persons as " the judicial district in which that person is domiciled." 28 U.S.C. § 1391(b)(1). There is no dispute that the Kieltys reside in the Southern District of Texas under this definition. For corporations, the statute provides:

> for purposes of venue under this chapter, in a State which has more than one judicial district [such as Texas] and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

28 U.S.C. § 1391(d). Proteus contends that it does not have sufficient contacts with the Western District such that it would be subject to personal jurisdiction here, and thus that it does not "reside" in the Western District for venue purposes.

6

On the issue of "minimum contacts", "the canonical opinion is this area remains *International Shoe*, in which [the Supreme Court] held that a State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945)) (citations and internal quotation omitted) . "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). The Fifth Circuit has articulated the following three-step analysis for the specific jurisdiction inquiry:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002): (citing *Burger King v. Rudzewicz,* 471 U.S. 462, 474 (1985)). "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

Faniola bases his claims on Defendants' alleged failure to pay him overtime as required by the FLSA for work he performed at least 15% of the time in the Western District of Texas. Defendants assert this is too insubstantial to meet the requirements for specific jurisdiction. In similar circumstances, other courts have found the employers' actions gave rise to specific

jurisdiction and thus venue. *See, e.g. Burris v. Bangert Computer Sys., Inc.*, 2009 WL 3256477, at *4 (M.D. Fla. Oct. 7, 2009). Defendants rely on *Shay v. Sight & Sound Sys., Inc.*, 668 F.Supp.2d 80 (D. D.C. 2009), for the proposition that specific personal jurisdiction in an FLSA case should be based upon the place where the computation and processing of payments owed to a plaintiff occurs. The facts of *Shay* are not analogous, however. There, the complaint was almost entirely devoid of any allegations of work being done in the forum (the District of Columbia). Indeed, as Faniola points out, in a more recent D.C. case, with facts closer to those here—one third of the relevant work being done in the forum—the court found venue proper. *Douglas v. Chariots for Hire*, 918 F.Supp.2d 24, 33–35 (D. D.C. 2013). When courts have found no venue, it has been because the employee's contact with the forum state was either very slight, or non-existent.[2] Because Faniola performed 15% of his relevant work hours in this district, the Court finds he has established that Defendants have minimum contacts with the Western District of Texas sufficient to give rise to specific personal jurisdiction over them for his FLSA claims. This meets the residency requirement of 28 U.S.C.A. § 1391(d), establishing that venue for those claims is proper in the Austin Division of the Western District of Texas.

**C.   Motion to Transfer Venue**

Defendants alternatively move to transfer venue to the Houston Division of the Southern District of Texas. "For the convenience of the parties and witnesses, in the interest of justice, a

---

[2]*Lovett v. Sanderson*, 184 F.3d 819, 821 (5th Cir. 1999) (no jurisdiction in FLSA action where employer's only contact with Louisiana was that the sole shareholder was a Louisiana resident); *Azamar v. Stern*, 662 F.Supp.2d 166, 172 (D. D.C. 2009) (court did not have specific jurisdiction in FLSA action because the employees' uncompensated work occurred primarily, if not entirely, in Virginia); *Jason v. UNITE HERE,*, 2005 WL 3278004, at *3 (W.D. Wash. Dec. 2, 2005) (court did not have specific jurisdiction in FLSA case where no employee worked in or was resident of Washington).

district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The parties do not dispute that this case could have been brought in Houston. The focus is therefore on the convenience and justice factors.

A district court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (*In re Volkswagen II*). In exercising this discretion, the Fifth Circuit requires courts to consider several private and public factors. The private interest factors are:

> (1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;
> (3) the cost of attendance for willing witnesses; and
> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*). The public interest factors are:

> (1) the administrative difficulties flowing from court congestion;
> (2) the local interest in having localized interests decided at home;
> (3) the familiarity of the forum with the law that will govern the case; and
> (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004). The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen II*, 545 F.3d at 314-15. Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315.

The Kieltys live in Houston, and Proteus maintains its principal office there. All relevant documents are located in Houston, Texas. The petition, and Faniola's response to the motion, are silent regarding where Faniola resides. From the facts set forth in the motion and response, it appears that the only connection this case has to the Western District of Texas is that Faniola performed 15% of his work for Proteus here, and that his attorney is located here. Location of counsel, however, is irrelevant to the venue analysis. *In re Volkswagen I*, 371 F.3d at 206. Thus, from the very little that the parties have provided the Court, the only connection the case has to Austin is that 15% of the Plaintiff's work was conducted here,[3] while the Defendants all reside in Houston, the business by which Plaintiff was employed is headquartered in Houston, and all of the records of the company are in Houston. The parties have presented no evidence pertinent to the four public interest factors, and the Court's own review of those factors indicates that they do not impact the analysis in either party's favor.

Thus, the transfer decision depends on the four private factors—the cost of attendance for willing witnesses, the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, and all other practical problems that make trial of a case easy, expeditious, and inexpensive. Though the factual record is thin, weighing the only evidence before the Court, the Court concludes that the Houston Division of the Southern District of Texas is clearly a more convenient venue for this case than Austin. All of the Defendants reside there, while there is no evidence that any party resides in this district. The relevant records all exist in the Defendant's sole office, which is in Houston. There is no evidence from either party regarding

---

[3]There is no evidence regarding where the Plaintiff resides, or where the other 85% of his work was performed.

who the relevant witnesses are, much less where they reside, and thus the convenience of witnesses does not appear to be an issue in the analysis.  Accordingly, the Court recommends that this case be transferred to the Houston Division of the United States District Court for the Southern District of Texas.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss for Insufficient Process and Lack of Personal Jurisdiction (Dkt. No. 5) and **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Dismiss for Improper Venue, or, Alternatively, to Transfer Venue of this Action to the Southern District of Texas, Houston Division (Dkt. No. 6); and in the interest of justice **TRANSFER** this cause of action to the Houston Division of the Southern District of Texas.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of September, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE