UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINCENT FANIOLA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3081 |
| | § | |
| PROTEUS SERVICES, LLC, | § | |
| WANDA KIELTY, and DONALD KIELTY, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is a motion for summary judgment filed by defendants Proteus Services, LLC and Wanda and Donald Kielty (collectively "Defendants"), on plaintiff Vincent Faniola's claims for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). After considering the motions, related documents in the record, and applicable law, the court is of the opinion that defendants' motion for summary judgment should be **DENIED**.

**I. BACKGROUND**

This is a Fair Labor Standards Act ("FLSA") case. Faniola worked as a field technician for Proteus from February 2012 through March 2013 and again from August 2013 through January 2014. Dkt. 32–1 at 1. Faniola's job was to install or upgrade Advanced Wireless Services or LTE components at various 4G and LTE telecommunication controller sites. *Id.* Wanda Kielty is Proteus's president and Donald Kielty is Proteus's vice president. Dkts. 6–2 at 1, 6–3 at 1.

Faniola filed suit on behalf of himself and similarly situated employees on April 28, 2014, seeking damages, liquidated damages, attorneys' fees, and taxable costs of the court as a result of alleged violations of the FLSA by Proteus. Dkt. 6–1 at 1. On May 27, 2014, this case was removed

from the 98th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division. Dkt. 3 at 1. The case was then transferred to the United States District Court for the Southern District of Texas, Houston Division, on September 24, 2014. Dkt. 13 at 3. Faniola never moved for certification of the collective action.

Proteus filed a motion for summary judgment on June 26, 2015, and an amended motion for summary judgment on July 17, 2015. Dkts. 26, 28. After being granted a time extension, Faniola filed his response in opposition to Defendants' amended motion for summary judgment. Dkt. 32. Faniola claims that he regularly worked overtime hours for which he was not compensated while working for Proteus. Dkt. 6–1 at 1. Faniola asserts that he worked six to eight hours at a job site and would often work at two job sites a day. Dkt. 32 at 2; Dkt. 32, Ex. A. Proteus did not keep records of Faniola's or other field technicians' work hours. Dkt. 32–2 at 7; Dkt. 26, Ex. 3 at ¶ 10. Defendants claim that Faniola did not work compensable overtime because (1) he did not work in excess of forty hours per week and (2) he was exempt from overtime pay pursuant to the Motor Carrier Act ("MCA") exemption. Dkt. 28 at 1. Defendants also argue that the parties agreed that Faniola's salary would cover all hours worked in a work week. Dkt. 28 at 23; *see* Dkt. 26, Ex. 3 at ¶ 4. However, Faniola asserts that the parties agreed that his salary would only cover forty hours of work per week. Dkt. 32 at 5; Dkt. 32, Ex. A at ¶ 7. Defendants claim that Faniola was exempt from the FLSA overtime requirement under the MCA Exemption because he regularly drove vehicles with gross vehicle weight ratings in excess of 10,000 pounds. Dkt. 28 at 11; Dkt. 26, Ex. 2 at ¶ 9. Faniola claims that while working for Proteus he drove three vehicles, none of which weighed 10,000 pounds or more, and therefore the Technical Corrections Act of 2008,

which narrows the scope of the MCA Exemption, allows him to receive overtime pay. Dkt. 32–1 at 3; Dkt. 32, Ex. A at ¶ 9.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 524 (5th Cir. 2008).

### B. FLSA Standard

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). "[I]f

the 'employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of § 207.'" *Id.* (quoting *Forrester v. Roth's I. G. A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)).

"An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Where an employer keeps inaccurate or incomplete records, "'an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *In re Williams*, 298 F.3d 458, 463 (5th Cir. 2002) (quoting *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687–88, 66 S. Ct. 1187 (1946)). If precise evidence of the hours worked by an employee is not available due to the failure of employer to keep adequate records, the employee may satisfy his burden with admittedly inexact or approximate evidence. *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1330–31 (5th Cir. 1985). "Once the employee establishes a prima facie case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence." *Harvill*, 433 F.3d at 441 (quoting *Anderson*, 328 U.S. 687–88, 66 S. Ct. at 1192 (1946)).

"If the employer claims 'that the suing employee is exempt from the overtime requirement,' then the employer 'has the burden of proving that the employee falls within the claimed exempted category.'" *Johnson*, 758 F.3d at 630 (quoting *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

**C.      MCA Exemption Standard**

Under the MCA Exemption, the provisions of 29 U.S.C. § 207 do "not apply with respect to . . . any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions section 31502 of Title 49." 29 U.S.C. §213(b)(1). The Secretary of Transportation has the power to establish qualifications and maximum hours for employees who: (1) are "employed by carriers whose transportation of passengers or property by motor vehicle is subject to his [or her] jurisdiction under section 204 of the Motor Carrier Act," and (2) "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways . . . or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a). The burden of proving exempt status lies with the employer. *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004).

The SAFETEA–LU Technical Corrections Act of 2008 ("TCA") provides that the FLSA's overtime provisions apply to a "covered employee" notwithstanding the MCA Exemption. Pub. L. No. 110–244, 122 Stat. 1572. The TCA defines "covered employee" as an individual—

    (1) who is employed by a motor carrier or motor private carrier
    (2) whose work, in whole or in part, is defined—
        (A) as that of a driver, driver's helper, loader, or mechanic; and

5

>> (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce; and
> (3) who performs duties on motor vehicles weighing 10,000 pounds or less.

Pub. L. No. 110–244, 122 Stat. 1572.

"Thus, under the TCA, an employee who works for a DOT-regulated motor carrier or motor private carrier . . . and works on or with non-commercial vehicles (*i.e.*, vehicles weighing 10,000 pounds or less) may now be entitled to overtime compensation." *Allen v. Coil Tubing Servs., LLC*, 846 F. Supp. 2d 678, 705 (S.D. Tex. 2012). "Because the TCA extends FLSA coverage to motor carrier employees whose work, even 'in part,' 'affect[s] the safety of operation of motor vehicles weighing 10,000 pounds or less,' the law does not exclude a motor carrier employee from FLSA coverage merely because his or her work also involves operating heavier vehicles."[1] *Aikins v. Warrior Energy Servs. Corp.*, No. 6:13-CV-54, 2015 WL 1221255, at *5.

**D.     Overtime Multiplier Standard**

The calculation of total unpaid overtime "is a mixed question of law and fact." *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 381 (5th Cir. 2013). "The question of whether an employer and employee agreed to a fixed weekly wage for fluctuating hours is a question of fact." *Black v. SettlePou, PC*, 732 F.3d 492, 498 (5th Cir. 2013) (citing *Ransom*, 734 F.3d at 381). "[T]he appropriate methodology to determine the total amount [of overtime pay] owed [is] a question of law." *Id.* "The parties' initial understanding of the employment arrangement as well as the parties' conduct during the period of employment must both be taken into account in determining whether the parties agreed that the employee would receive a fixed salary as compensation for all hours

---

[1] For further discussion concerning the interplay of the MCA exemption and TCA exception, see *Allen*, 846 F. Supp. 2d at 689–93.

worked in a week, even though the number of hours may vary each week." *Id.* at 499 (citing *Ransom*, 734 F.3d at 386).

### III. ANALYSIS

#### A. Evidentiary Objections

Faniola objects that the evidence that Defendants characterize to be excerpts from Faniola's deposition is not valid evidence. Dkt. 32 at 5. The "deposition excerpts" are annotated excerpts of statements made during the deposition, in isolation. *See* Dkt. 26, Ex. 1. Defendants did not file a reply to respond to Faniola's objections.

Under Federal Rule of Civil Procedure 56(c), parties arguing that there is a genuine issue of material fact must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). The opposing party may object that "the material cited to . . . dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

First, the court agrees with Faniola that the proper exhibit would be an official copy of the deposition transcript, not simply the pieces of testimony that are favorable to Defendants pasted into a separate document. These annotated excerpts would not be admissible in trial. However, under the rule, the material cited does not necessarily have to be admissible. An objection to the evidence must show that it cannot be presented at trial in an admissible form. Faniola has objected to the deposition excerpts, but he has not actually indicated that there are any defects in the excerpts such that Defendants would not be able to present the facts in admissible form at trial. That being said,

7

any attorney annotations are clearly not admissible at trial in any form and will not be considered. Faniola's objection is thus SUSTAINED IN PART and OVERRULED IN PART.

Faniola also argues that the court should not consider exhibits 1 and 2 to the deposition excerpt exhibit because they were not actually attached to the copy Faniola received. They also were not attached to the document in CM/ECF, so it would be impossible for the court to consider them. Accordingly, Faniola's objection to consideration of exhibits 1 and 2 to the deposition excerpts is SUSTAINED.

**B.    Overtime**

Defendants argue that Faniola did not work more than 40 hours per week. Dkt. 28. In support of this position, Defendants cite to excerpts from Faniola's deposition and affidavits from his former employer Donald Kielty and coworker Destine Johnson. *Id.* (citing Dkt. 26, Exs. 1–4). Defendants also argue that Faniola failed to provide sufficient evidence showing the amount and extent of his overtime work, although Defendants admit that they did not keep records of Faniola's or other similar employees' hours. *Id.*

Faniola argues that he can show that he worked in excess of 40 hours per week as a matter of just and reasonable inference. Dkt. 32. Faniola asserts that he can recover under the FLSA because he worked between six and eight hours at each job site and he often worked at two jobs sites per workday, thus exceeding a forty hour workweek. *Id.* Faniola offers his affidavit, including an attached document containing calculations of his overtime hours, which he calculated by referencing his mileage books and emails he sent to Proteus, as support for his position. *Id.* According to Faniola's calculations, he worked over 1,100 hours in overtime. *Id.*

Defendants contend that Faniola has not established an issue of material fact because he failed to submit definite or certain evidence of his work hours. Dkt. 28. However, because Proteus did not keep records of Faniola's work hours, Faniola may provide inexact or approximate evidence to meet his burden of showing the number of overtime hours he worked. *See Beliz*, 765 F.2d at 1330–31. Faniola met his burden of producing sufficient evidence to show the amount and extent of his work through his calculations and affidavit.

Defendants also contend that the evidence they submitted establishes that Faniola did not work more than forty hours per week. Dkt. 28. Defendants provide excerpts from Faniola's deposition and affidavits of Don Kielty and Destine Johnson to support this conclusion. *Id.* The deposition excerpts and Destine Johnson's affidavit establish that Faniola typically worked six to eight hours at a work site. Dkt. 26, Exs. 1, 4. Destine Johnson's affidavit also indicates that Faniola "seldom, if ever, worked more than 40 hours during a work week." Dkt. 26, Ex. 4. Don Kielty's affidavit indicates that Faniola worked three to five days per week and submitted a site completion email each day. Dkt. 26, Ex. 3 ¶ 10. Kielty includes a "sample" of those emails, which demonstrates that on December 3, 4, 6, 10, 12, and 13, 2013, Faniola submitted site completion emails containing only one site per email. *See* Dkt. 25, Ex. 3, Ex. D. Faniola provides an affidavit stating that he "often worke[ed] at two sites a day and it would take 6-8 hours at each site to perform the work for Proteus." Dkt. 32, Ex. A. Faniola's deposition corroborates this, to some extent, as he testified that after he logged out at a site he would either "drive home or hotel or to the next site." Dkt. 26, Ex. 1 at 73. And the sample of emails from December 2013 do not negate Faniola's testimony as, first, Faniola could have sent more than one email a day, and second, it is a small sample of a few days during Faniola's employment and does not establish that Faniola never worked

more than forty hours. Accordingly, Defendants' motion for summary judgment on the ground that Faniola did not work more than forty hours per week is DENIED.

**B.     MCA Exemption**

Defendants argue that, regardless of whether Faniola can show he worked overtime hours, Faniola is exempt from overtime pay pursuant to the MCA because he was (1) employed by a carrier whose transportation of property by motor vehicle is subject to the Secretary of Transportation's jurisdiction and (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways or property in interstate or foreign commerce. Dkt. 28. Defendants also argue that Faniola does not qualify for the TCA exception because Faniola drove a motor vehicle with a gross vehicle weight rating exceeding 10,000 pounds for most of his employment with Proteus. *Id.* In response, Faniola argues that during his employment with Proteus he never drove a motor vehicle nor hauled cargo that exceeded or combined to exceed 10,000 pounds, therefore the TCA exception applies and he is entitled to overtime pay pursuant to the FLSA. Dkt. 32.

Defendants' argument centers on their contention that Faniola drove vehicles with gross vehicle weight ratings exceeding 10,000 pounds. Dkt. 28. The TCA exception does not address whether the gross vehicle weight rating exceeds 10,000 pounds. Rather, the TCA exception applies where the employee "performs duties on motor vehicles weighing 10,000 pounds or less." Pub. L. No. 110–244, 122 Stat. 1572. Faniola supports his position that he never drove a vehicle that weighed in excess of 10,000 pounds through his declaration, which details his use of vehicles weighing less than 10,000 pounds. Dkt. 32. Faniola's declaration is sufficient to raise a fact issue about whether his "work, in whole or in part . . . affect[ed] the safety of operation of motor vehicles

weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce." Pub. L. No. 110–244, 122 Stat. 1572; *see Aikins*, 2015 WL 1221255 at \*7; *see also McMaster v. E. Armored Servs., Inc.*, 738 F.3d 167, 168 (3d Cir. 2015) (holding that a driver who "spent 51% of her total days working on vehicles rated heavier than 10,000 pounds, and 49% of her total days working on vehicles rated lighter than 10,000 pounds" was within the TCA's definition of a covered employee). At this stage in which all inferences must be drawn in favor of the plaintiff, there remains a fact issue as to the weight of the vehicles Faniola drove precluding summary judgment.

**C.     Overtime Multiplier**

Defendants argue that, to the extent that Faniola is able to establish a material issue of fact regarding exemption from overtime pay and overtime hours worked, Faniola's overtime should be calculated by multiplying .5 by each hour worked over forty during a week. Dkt. 28. Defendants assert that the parties agreed to pay Faniola a salary for all hours worked during a work week. Dkt. 28. Faniola asserts that Defendant Wanda Kielty told him that his salary was intended to cover only forty hours a week. Dkt. 32 & Ex. A.

The parties offer opposing facts for the number of hours the parties agreed that Faniola's salary would cover. "The question of whether an employer and employee agreed to a fixed weekly wage for fluctuating hours is a question of fact." *Black*, 732 F.3d at 498 (citing *Ransom*, 734 F.3d at 381). Therefore, the number of hours the parties agreed that Faniola's salary would cover remains a fact issue precluding summary judgment.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on October 13, 2015.

_____
Gray H. Miller
United States District Judge